IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL R. MUSGROVE,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Civil No. 07-102-BR

OPINION AND ORDER

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorneys for Petitioner

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN**, Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**.

<u>BACKGROUND</u>

On February 6, 1998, a Clackamas County grand jury indicted Petitioner on one charge of Attempted Murder and one charge of Assault in the First Degree.  Petitioner was accused of assaulting and attempting to kill a young man at Petitioner's apartment.

The case was tried to a jury.  During deliberations, the jury asked a question.  As the judge explained:

> THE COURT:  I have been told that the jury has reached a verdict.  Before I bring the jury back, earlier this morning a juror asked this question in writing:  "Are the charges independent of each other?"  I consulted with the attorneys and I answered that question, "Yes."  It was a one-word answer that I gave them.

Transcript, p. 843.  When the judge discussed the question and his proposed answer with counsel, neither party objected.  The jury did not ask any further questions, and went on to find Petitioner guilty on both counts.

After the verdict was recorded, the trial judge shared with the attorneys a further clarification which accompanied the jury's question:

> THE COURT:  . . .  The question asked of the jurors in writing was, "Are the charges independent of each other."  It then reads, "Do we vote on two charges or if

> we vote guilty on attempted murder is than an automatic
> guilty on second charge of assault in the first degree."
>
> I declined to read that to the attorneys because I
> thought it indicated the way the jury was leaning, and
> so I did not.

Transcript, pp. 849-50. Again, neither attorney objected.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Musgrove*, 174 Or. App. 565, 27 P.3d 535, *rev. denied*, 332 Or. 631, 34 P.3d 1178 (2001).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Musgrove v. Belleque*, 205 Or. App. 111, 132 P.3d 1075, *rev. denied*, 341 Or. 245, 142 P.3d 73 (2006).

On January 22, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. In his *pro se* Petition, he alleged twenty-three separate grounds for relief. This Court appointed counsel to represent Petitioner. Counsel's Memorandum of Law in Support of Petition for Writ of Habeas Corpus indicates Petitioner "limits his petition" to the claim raised in Ground Sixteen:

> Defense counsel was ineffective when he failed to motion
> for a mistrial or motion for a new trial when it was
> discovered after the jury had returned a verdict that
> the jury had submitted a question to the court regarding

3 - OPINION AND ORDER -

confusion of the charge and the trial court had not notified the defense of this question. Adequate counsel would have realized that jurors had confusion about the charges.

Respondent recognizes that Petitioner exhausted this claim in state court and argues the PCR court's decision denying relief on this claim is entitled to deference.

## **LEGAL STANDARDS**

When a petitioner has exhausted his federal claims, a court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

Section 2254(d)(1) applies to purely legal questions resolved by the state court, and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006). In conducting its review, a court "look[s] to the last-

reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the "unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's decision is "contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting *Clark*, 331 F.3d at 1067). Under the "'unreasonable application clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting

*Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

Under section 2254(d)(2), applicable to purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record. " *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable"). Section 2254(d)(2) "applies most readily to situations where a petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, . . . that the process employed by the state court is defective, . . . or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citations omitted).

In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues . . . . [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied

that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000). Once the federal court is satisfied that the state court's fact-finding process was reasonable, or, if the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e.*, evidence presented for the first time in federal court."[1] *Taylor*, 366 F.2d at 1000.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the "clearly established federal law" governing claims alleging ineffective assistance of counsel. *Williams*, 529 U.S. at 390.

---

[1] Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error. . . . Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once" it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

Under *Strickland,* to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.    *Strickland*, 466 U.S. 668, 687 (1984); *Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Williams v. Taylor,* 529 U.S. 362, 390 (2000).    Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness.    *Strickland*, 466 U.S. at 688.    There is a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance.    *Id.* at 689.

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell,* 535 U.S. at 695; *Williams*, 529 U.S. at 390-91; *Strickland,* 466 U.S. at 687, 694.    "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"    *Williams,* 529 U.S. at 391 (quoting *Strickland,* 466 U.S. at 694).

<u>DISCUSSION</u>

Petitioner alleges trial counsel provided constitutionally ineffective assistance of counsel by failing to seek a mistrial or new trial based on the trial judge's failure to cure the jury's

confusion and its failure to provide counsel with a complete recitation of the jury's question.  Petitioner argues that in answering "yes," the trial judge instructed the jury that if they found Petitioner guilty of Attempted Murder they had to find him guilty of count two, in effect directing a guilty verdict on the Assault in the First Degree charge.  Trial counsel's failure to object to this misleading or ambiguous instruction, Petitioner concludes, was constitutionally deficient.

Petitioner alleged his ineffective assistance claim in his PCR proceeding, but the PCR trial judge rejected it.  In a letter opinion, the PCR trial judge found against Petitioner on all claims raised, stating:

> [W]ith regard to the issues not specifically addressed herein, the Court relies upon and adopts the facts and law in [the State's] Trial Memorandum as the Court's findings of fact and conclusions of law.

Respondent's Exhibit (hereafter "Resp. Exh.") 126, p. 2.  The PCR trial judge subsequently entered the following specific pertinent Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

* * *

> 10.  The court properly instructed the jury regarding the elements of the offenses and the State's burden of proof.  The court instructed the jury pursuant to the Uniform Criminal Jury Instructions.  The jury was properly instructed regarding the crimes as alleged in the indictment and there was no evidence of jury confusion in this case regarding the elements of the offenses.

9 - OPINION AND ORDER -

* * *

CONCLUSIONS OF LAW

    1.    Based on the findings of fact set forth above, in
the underlying criminal proceedings resulting in
petitioner's conviction, petitioner was not denied
the right to assistance of counsel, as guaranteed
by either the United States Constitution and as
articulated by the United States Supreme Court in
*Strickland v. Washington*, 466 U.S. 668 (1984), or
the Constitution of the State of Oregon.

Resp. Exh., pp. 6-7.

The state's PCR Trial Memorandum reasoned that counsel was

not ineffective, because there was no jury confusion:

> The question the jury asked the court in no way
> whatsoever indicated confusion regarding the charges
> against petitioner.  The question simply revolved around
> whether a verdict was required on both counts.  The jury
> clearly indicated its intent to find petitioner guilty
> of Attempted Murder; the question simply asked whether
> he would be automatically guilty of Assault in the First
> Degree.

Resp. Exh. 118, p. 15.

Under clearly established federal law, "a jury is presumed to

follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234

(2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

"Similarly, a jury is presumed to understand a judge's answer to

its question."  *Id*. (citing *Armstrong v. Toler*, 11 Wheat. 258,

279, 6 L.Ed. 468 (1826)).  Under Oregon law, the trial court has

substantial discretion in directing jury deliberations through

supplemental instructions or the answering of the jury's

questions. *State v. Ogden*, 35 Or. App. 91, 97-98, 580 P.2d 1049 (1978).

Here, the PCR judge found the jury was properly instructed and that no confusion resulted from the trial judge's answer to their question.   The fact the jurors' question contained a clarifying statement the trial judge did not disclose until after the jury rendered a verdict does not alter this conclusion. Petitioner has not demonstrated that trial counsel's failure to move for a mistrial prejudiced him, because there is no reason to believe the trial court would or should have granted the motion.

Moreover, the evidence against Petitioner on the Assault in the First Degree charge was so overwhelming that a different jury instruction would not have altered the outcome of the case.   *See Jackson v. Brown*, 513 F.3d 1057, 1082 (9th Cir. 2008) (even if trial counsel's assistance was deficient, it did not prejudice petitioner because there was not a reasonable probability that the jury would not have still convicted in view of overwhelming evidence of petitioner's guilt).   To prove Assault in the First Degree, the state had to prove Petitioner intentionally caused severe bodily harm to the victim with a dangerous weapon, which is "any weapon, device, instrument, material or substance which under the circumstances in which it is used . . . is readily capable of causing death or serious physical injury."   Or. Rev. Stat. §§ 163.185(1)(a), 161.015(1).   Here, the proof was overwhelming that

Petitioner struck the victim repeatedly in the head with a cider bottle, causing serious physical injury.  As such, Petitioner cannot demonstrate prejudice resulting from trial counsel's failure to move for a mistrial.

Ultimately, for Petitioner to obtain habeas relief, the state PCR court's decision "must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510 520 (2003) (internal quotations omitted). "The state court's application [of federal law] must have been 'objectively unreasonable.'" *Id*. at 520-21 (internal quotations omitted).  Taking the facts in the record as a whole, Petitioner has not demonstrated that trial counsel's failure to move for a mistrial was objectively unreasonable or that had such a motion been made, there is a reasonable probability that it would have been granted as meritorious. Accordingly, the PCR court's conclusion that trial counsel did not render ineffective assistance of counsel is neither contrary to, or an unreasonable application of, clearly established federal law and Petitioner is not entitled to habeas relief.

/ / / /

/ / / /

/ / / /

/ / / /

12 - OPINION AND ORDER -

**<u>CONCLUSION</u>**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this <u>  19th  </u> day of May, 2009.


<u>  /s/ Anna J. Brown          </u>
ANNA J. BROWN
United States District Judge

13 – OPINION AND ORDER –